UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PETER PORCARO,

               Plaintiff,             Case No.  06-13834

v.                           District Judge Paul D.  Borman
                               Magistrate Judge R.  Steven Whalen

TD WATERHOUSE INVESTOR
SERVICES, INC., DENNIS PARIZEK,
DENISE BRADLEY, R.A. MITCHELL,
MONTE SIMONSON, MRS.  MARTINEZ
and THE INTERNAL REVENUE SERVICE,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Compel Arbitration filed by Defendant TD Waterhouse Investor Services, Inc. [Docket #5].  To grant this Motion would result in the dismissal of the Complaint with prejudice; therefore, since this is in effect a dispositive motion, the undersigned must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1]  For the reasons set forth below, I recommend that Defendant's Motion to Compel Arbitration be GRANTED.

_____

[1] *See Vogel v. U.S. Office Products Company*, 258 F.3d 509, 514-15 (6th Cir. 2001), holding that the list of dispositive motions contained in §636(b)(1)(A) is nonexhaustive, and "[i]n determining whether a particular motion is dispositive, [the] court undertakes [a] functional analysis of the motion's potential effect on litigation."

-1-

# I.   BACKGROUND

On August 28, 2006, Plaintiff Peter Porcaro filed a *pro se* Complaint [Docket #1] raising several claims related to a federal tax lien on his property.  He names as Defendants the Internal Revenue Service, five individuals (none of whom are identified or described, beyond listing their names in the caption of the Complaint), and TD Waterhouse Investor Services, Inc., with whom Plaintiff has an account.  Plaintiff's demand for damages includes injunctive relief, a return of $5,942.38 that was apparently taken from his account pursuant to the tax lien, and a removal of the tax lien.

While the Complaint is less than clear about the role of TD Waterhouse, this Defendant states that "[t]he dispute in this matter relates to the alleged wrongful payment of taxes to the Internal Revenue Service ('IRS') from the funds in Porcaro's account pursuant to a federal tax lien."  *Defendant's Motion, ¶7.*

On November 16, 2006, Defendant filed its Motion to Compel Arbitration. To date, the Plaintiff has not filed a response to the motion.  On November 29, 2006, the Court sent the parties a Notice of Hearing, setting December 19, 2006 as the hearing date. [Docket #8]. On that date, Defendant's counsel appeared, but Plaintiff did not.  Rather than entertaining argument from the Defendant's attorney, the Court stated that it would take the matter under advisement and issue a Report and Recommendation on the written pleadings.

# II.   ANALYSIS

The question of whether arbitration is required is a question of law.  *See Litton*

*Financial Printing Division v. NLRB*, 501 U.S. 190, 208, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). In answering this question, the Court must determine whether there is an agreement to arbitrate. *Mitsubishi Motors Corp. v. Slower Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). The Federal Arbitration Act (FAA) mandates the compulsory arbitration of a dispute covered by a valid arbitration agreement. 9 U.S.C. § 2. Federal policy favors arbitration. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors, supra*, 473 U.S. at 626 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S.1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In opening an account with TD Waterhouse, the Plaintiff signed an Agreement that contained the following provision regarding arbitration of disputes:

> "I agree that any controversy relating to any of my accounts or any agreement that I have with you will be submitted to arbitration conducted only under the provisions of the Constitution and Rules of the New York Stock Exchange, Inc. or pursuant to the code of Arbitration of the National Association of Securities Dealers, Inc." *Exhibits 1 and 2, Defendant's Motion*.

There is no question that Plaintiff is bound by the arbitration agreement. Further, the arbitration clause clearly applies to *any controversy* relating to the Plaintiff's accounts with TD Waterhouse. The clause does not exclude matters related to federal tax liens. Rather, the language of the clause "indicates that the parties' basic intent was to provide a single arbitral forum to resolve all disputes" arising under the account agreement. *Arnold v. Arnold Corp.–Printed Communications for Business*, 920 F.2d 1269, 1282 (6th Cir. 1990).

Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp., supra*, 460 U.S. at 24-25. Unless a matter is expressly exempted, it should be construed as being within the scope of the arbitration agreement. *United Steelworkers of America v. Mead Corp.*, 21 F.3d 128, 131 (6th Cir. 1994); *Eckel v. Equitable Life, supra*, 1 F.Supp.2d at 688 (E.D. Mich. 1998).

Because the Plaintiff agreed to and is bound by the arbitration clause in his customer agreement with TD Waterhouse, and because his claim in this case falls within the scope of the arbitration agreement, this Court is required under the Arbitration Act to dismiss the action against TD Waterhouse and direct the parties to proceed to arbitration. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

### III.   CONCLUSION

Accordingly, I recommend that Defendant's Motion to Compel Arbitration [Docket #5] be GRANTED and that the Complaint as to TD Waterhouse be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

-4-

Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  January 10, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 10, 2007.


S/G. Wilson
Judicial Assistant