UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PETER PORCARO,

        Plaintiff,                  Case No. 06-13834

v.                                District Judge Paul D. Borman
                                  Magistrate Judge R. Steven Whalen

DENNIS PARIZEK, et.al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant United States' Motion to Dismiss [Docket #3], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that Defendant's motion be GRANTED.

### I. FACTS

On August 28, 2006, Plaintiff Peter Porcaro filed a *pro se* complaint in this Court, styled a "Suit to Restore Property Deprived Without Due Process & with Fraud" [Docket #1]. Plaintiff challenges a Notice of Levy and Notice of Federal Tax Lien filed by the Internal Revenue Service. He seeks the return of $5,942.38, apparently the subject of the Levy, and a removal of the tax lien on his property. He alleges that the Defendant has "violated Plaintiff's Constitutional Right's (sic) by taking Plaintiff's property without due process" (*Complaint*, ¶ 1), and that Defendant is in violation of various provisions of the Internal

-1-

Revenue Code (*Id.*, ¶¶ 6, 10-13). He also claims that Defendant has committed bank fraud under 18 U.S.C. §1344(2) (*Id.*, ¶ 7).

The Defendant has filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim), arguing that the United States has not waived its sovereign immunity as to any of Plaintiff's claims. Specifically, the Defendant asserts that (1) the Anti-Injunction Act, 26 U.S.C. §7421(a), deprives this Court of jurisdiction; (2) the Court lacks jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b) and 2671, *et.seq.*; and (3) insofar as Plaintiff is seeking a tax refund, he has not exhausted his administrative remedies prior to filing suit.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416,

419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III.   ANALYSIS

Plaintiff contends that the Internal Revenue Service has taken certain property and placed a lien on other property in violation of the Due Process Clause. He denies he is a "taxpayer," as that term is defined in the Internal Revenue Code, and suggests that this is not a tax case that would require a request for a refund or exhaustion of administrative remedies. In his Response to the Motion to Dismiss [Docket #9], p. 12, Plaintiff states:

> "...Plaintiff denies being a 'taxpayer' as that term is defined in 6511(a) or 7701(a)(14) or any were (sic) else in the code. Plaintiff is not seeking a refund suit, as Plaintiff did not pay the alleged tax under protest–the property was simply taken (via a Notice of Levy) in violation of constitutional protections of due process. Administrative remedies would not grant injunctive relief sought."

He further states, in a "Reply in Opposition to Dismiss" [Docket #13][1], p. 3:

> "I have determined that I am neither subject to nor liable for any internal revenue tax. I submit there is no person who has been granted authority to determine whether or not I am subject to or liable for any internal revenue tax."

---

[1]This pleading is, in effect, a sur-reply, and as such is not generally permitted under E.D. Mich. L.R. 7.1. However, given Plaintiff's *pro se* status, the Court *sua sponte* grants Plaintiff leave to file this additional pleading.

At the outset, then, Plaintiff must be made aware of his fundamental misunderstanding of the nature of these proceedings: Under the law and under the facts, Plaintiff is a taxpayer, and this is a tax case.

First, 26 U.S.C. §7701(a)(14) defines "taxpayer" as follows:

"The term 'taxpayer' means any person subject to any internal revenue tax."

In *United States v. Williams*, 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), the Supreme Court held that a party who, "though not assessed a tax, paid the tax under protest to remove a federal tax lien from her property," had standing to bring a refund suit under 26 U.S.C. §1346(a)(1). *Id.*, 514 U.S. at 531-535. In so holding, the Court gave an expansive reading to §7701(a)(14) that would include anyone who is adversely impacted by a tax assessment, tax levy or tax lien:

> "The Government reads the definition as if it said 'any person who is assessed any internal revenue tax,' but these are not Congress' words. The general phrase 'subject to' is broader than the specific phrase 'assessed' and, in the tax collection context before us, we think it is broad enough to include Williams. *In placing a lien on her home and then accepting her tax payment under protest, the Government surely subjected Williams to a tax even though she was not the assessed party*." 514 U.S. at 535 (emphasis added).

In the present case, notwithstanding that the Plaintiff *is* the assessed party, the placing of a lien on his property brings him within the statutory definition of a "taxpayer."

Secondly, the facts as alleged by the Plaintiff would tend to bring this case within the purview of §1346(a)(1), which states:

> "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

"(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or *illegally assessed or collected*, or any penalty claimed to have been collected *without authority* or any sum alleged to have been excessive or in any manner *wrongfully collected* under the internal-revenue laws." (Emphasis added).

In his complaint, the Plaintiff quite clearly claims that the Internal Revenue Service is without legal authority to assess or collect a tax from him. The tax lien and levy, which Plaintiff claims are illegal, constitute collections and, implicitly, assessments. *United States v. Williams, supra*. Therefore, §1346(a)(1) is the salient statute. However, 26 U.S.C. §7422(a) requires exhaustion of administrative remedies as a jurisdictional prerequisite to bringing such a suit:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

*See United States v. Williams, supra*, 514 U.S. at 533 ("It is undisputed that §7422 requires administrative exhaustion").[2] Plaintiff in this case has neither pled nor shown exhaustion, and in fact *denies* having exhausted administrative remedies, saying (erroneously) that he does not have to. Therefore, this case–which, to repeat, *is* a tax case–must be dismissed. *See Nassar v. United States,* 792 F.Supp. 1040, 1045 (E.D.Mich.1992).

---

[2] In *Williams*, the defendant in fact exhausted by filing a claim for administrative refund and paying the disputed tax under protest.

To the extent that Plaintiff brings his claim under the FTCA, it is barred under 28 U.S.C. §2680(c), which bars any such claim "arising in respect of the assessment or collection of any tax." In addition, under the FTCA, the filing of an administrative claim is a prerequisite to bringing suit in district court. *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997).

As to Plaintiff's request for injunctive relief, the Anti-Injunctive Act, 26 U.S.C. §7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court for any reason." The only exception is where it is *clear* that under no circumstances could the government prevail *and* equity jurisdiction otherwise exists. *Bob Jones University v. Simon*, 416 U.S. 725, 737, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). This exception does not apply to the present case. *Nasser v. United States, supra*.

Thus, the Defendant correctly argues that it is protected from this suit by sovereign immunity, and that no waiver of sovereign immunity, as set forth in the above statutes, is applicable. Further, although Plaintiff cites 28 U.S.C. §1331 as the jurisdictional basis for his complaint, "section 1331 does not waive sovereign immunity; it merely gives the district courts jurisdiction to hear federal claims that are not otherwise barred." *Nasser*, at 1044.

Finally, Plaintiff's claim of bank fraud under 18 U.S.C. §1344 is not cognizable, since private citizens cannot enforce criminal statutes and do not have a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1972).

In virtually all respects, this Complaint is based on Plaintiff's opinion of what the law *should* be, or what he wishes it were, not what the law is. There is no legitimate jurisdictional basis for this Complaint, and the Plaintiff has stated no claim on which this Court can grant relief. Therefore, viewed under either Rule 12(b)(1) or 12(b)(6), the Complaint must be dismissed.

### IV. CONCLUSION

I recommend that Defendant's Motion to Dismiss [Docket #3] be GRANTED and the Complaint DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response

shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: July 5, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 5, 2007.

S/G. Wilson  
Judicial Assistant
