**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PETER POCARO,

        Plaintiff,

-vs-

TD WATERHOUSE, et al.,

        Defendants.

_____/

CASE NO. 06-CV-13834

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

Before the Court is Plaintiff Peter Pocaro's ("Plaintiff") September 28, 2007 Motion to Vacate Judgment. (Doc. No. 23). Defendant filed a Response on October 15, 2007. The Court will dispense with oral argument pursuant to E.D. Mich. L.R. 7.1(e). Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motion to Vacate Judgment.

In his motion, Plaintiff seeks to vacate this Court's September 25, 2007 Order dismissing the case against Defendants. On August 1, 2007, this Court adopted the Magistrate Judge's Report and Recommendation dismissing the Government defendants from the case. (Doc. No. 20). Plaintiff failed to object to the Magistrate Judge's R&R.

In his instant motion, Plaintiff contends that: (1) he did not understand that his failure to object to the Magistrate Judge's R&R "would be construed as a tacit acceptance of the recommendation"; (2) that the Magistrate Judge erred in determining that Plaintiff was a taxpayer; and (3) the Magistrate Judge did not address his claims that he was deprived of his property without due process of law.

1

Since Plaintiff failed to object to the R&R, yet filed his motion three days after the dismissal, the Court will construe Plaintiff's motion under the rules governing motions for reconsideration.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished). "A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich.1997).

Plaintiff has not demonstrated any "palpable defect" in this Court's September 25, 2007 Order that would result in a different disposition of the case. Plaintiff only states that he failed to object to the R&R because of an "administrative error." (Pl. Br. 1). The Court does not find that Plaintiff's naked statement is sufficient to justify reconsideration in the instant case. The R&R provided Plaintiff with notice of the legal requirements to object to the Magistrate Judge's recommended disposition, including the fact that failure to file specific objections would waive his arguments on appeal. (R&R at 7-8). The simple fact that Plaintiff now disagrees with the Magistrate

Judge's R&R does not provide a basis, under these circumstances, to reconsider this Court's previous Order or to vacate prior holdings.

Therefore, the Court **DENIES** Plaintiff's Motion to Vacate Judgment. (Doc. No. 23).

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 10, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 10, 2007.


s/Denise Goodine
Case Manager